UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                                    Chapter 7

Paul Galati,                                                            Case No. 8-14-73159-las

                          Debtor.
----------------------------------------------------------X

Paul Galati
                                                                   Adv. Pro. No. 14-08288

                          Plaintiff
      v.

Yolanda Navarette, Esq., LLC
a/k/a or d/b/a Yolanda Navarette, Esq.
and Yolanda Navarette a/k/a and
d/b/a Yolanda Navarette, Esq.,

                        Defendants.
----------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment ("Motion") [Dkt. No. 35] of Yolanda Navarrete, Esq., LLC and Yolanda Navarette, Esq. (collectively, "defendants") on the First Amended Complaint [Dkt. No. 19] filed by the debtor, Paul Galati ("plaintiff"). The First Amended Complaint seeks a determination that plaintiff's debt to defendants is not excepted from discharge under 11 U.S.C. § 523(a)(5) or (15). A hearing on the Motion was held by the Court on December 10, 2015. For the reasons set forth on the record at the hearing and as explained below, the Motion is denied without prejudice to re-filing at a later date.[1] This Memorandum Opinion and Order memorializes and is consistent with the Court's ruling at the December 10, 2015 hearing.

---

[1] At the December 10, 2015 hearing, the Court granted defendants 30 days to re-file the motion for summary judgment. On January 8, 2016, defendants filed an Amended Motion for Summary Judgment and a Rule 7056-1 statement. [Dkt. Nos. 38 and 39].

I. **Jurisdiction**

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). A bankruptcy judge may hear and finally determine any core proceeding. 28 U.S.C. § 157(b)(1). A proceeding to determine the dischargeability of a debt "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011). Accordingly, final judgment is within the scope of the Court's jurisdictional and constitutional authority

II. **Analysis**

A. Applicable Procedural Rule and Law

Local Bankruptcy Rule 7056-1 states, in relevant part, that "[a] motion for summary judgment pursuant to Bankruptcy Rule 7056 shall include a separate statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may be grounds for denial of the motion." E.D.N.Y. LBR 7056-1. "This rule—simple to understand and apply—is designed to assist the Court by narrowing the scope of the issues to be adjudicated and identifying the facts relevant and admissible to that determination." *Potash v. Florida Union Free Sch. Dist.,* 972 F. Supp. 2d 557, 564 n. 1 (S.D.N.Y. 2013); *see also Holtz v. Rockefeller & Co.,* 258 F.3d 62, 74 (2d Cir.

2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

B. Defendants Have Failed to Comply With Local Bankruptcy Rule 7056-1

Defendants failed to submit the requisite Rule 7056-1 statement and therefore violated Local Bankruptcy Rule 7056-1. Such failure leaves the Court "unable to adequately assess whether there exist any genuine issues of material fact." *Searight v. Doherty Enter., Inc.*, No. 02-CV-0604 (SJF)(JO), 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005).

It is firmly established that the Court has "broad discretion when addressing violations of the local rules." *Id.*, at *1 (citing *Holtz*, 258 F.3d at 73 (2d Cir. 2001); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000)). Thus, although it is within the Court's discretion to deny with prejudice the Motion for failure to comply with Local Bankruptcy Rule 7056-1, *see Cea v. Access 23 TV*, No. 11-CV-3791 (NSR), 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015), the Court declines to do so. Rather, the Motion is denied without prejudice to re-filing at a later date. *See Searight,* 2005 WL 2413590, at *1 (denying summary judgment without prejudice based on movant's failure to comply with Rule 56.1); *see also Cea*, 2015 WL 5474070, at *3 (denying summary judgment without prejudice "in the interests of justice and a preference to resolve dispositive motions on the merits.").

### III. Conclusion

For the reasons set forth above, the Motion is denied without prejudice to re-filing at a later date.

**Dated: January 19, 2016**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**