UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:                                                    Chapter 7

Paul Galati,                                              Case No. 8-14-73159-las

                    Debtor.

-------------------------------------------------------------------X

Paul Galati,

                    Plaintiff,                    Adv. Pro. No. 8-14-08288-las

-against-

Yolanda Navarrete *aka* Yolanda Navarette, Esq
*dba* Yolanda Navarette, Esq and Yolanda
Navarrete Esq., LLC *aka* Yolanda Navarette, Esq
*dba* Yolanda Navarette, Esq,

                    Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      In this adversary proceeding, plaintiff Paul Galati alleges that the debt owed by him

to defendant Yolanda Navarrete, Esq. is dischargeable in his chapter 7 case.  The debt arose

out of a child custody proceeding initiated by plaintiff in the Superior Court of New Jersey in

which defendant represented the child's mother, Lourdes Ojito Melara ("Melara").  In his

amended complaint, plaintiff asserts that the debt is not a domestic support obligation, as

that term is defined in 11 U.S.C. § 101(14A), and is therefore not excepted from discharge

under 11 U.S.C. § 523(a)(5), nor is it a debt of a kind that is excepted from discharge under

11 U.S.C. § 523(a)(15).[1]

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will hereinafter
be referred to as "§ (section number)."

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

Now before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056 [dkt. no. 38]. Defendant seeks a judgment that the debt owed to her by plaintiff is nondischargeable under § 523(a)(5) or, in the alternative, is excepted from discharge under § 523(a)(15). Plaintiff filed opposition to the motion [dkt. no. 46].

The Court has reviewed and carefully considered the parties' arguments and submissions. For the reasons that follow, the Court finds that material issues of fact preclude summary judgment, and on that basis, the motion is denied.

I.    Background

    a.    Factual Background[2]

Plaintiff and Melara are parents to a minor child. Pl.'s Aff. at ¶¶ 2, 5. Plaintiff and Melara never married. *Id.* at ¶ 6. From 2003 until 2013, plaintiff and Melara shared joint custody of their child. *Id.* at ¶¶ 7, 8. On June 18, 2010, plaintiff petitioned the Superior Court of New Jersey, Chancery Division-Family Part Hudson County (the "Family Court"),

---

[2] The following facts are taken from the parties' submissions in support of and in opposition to the motion, including defendant's Local Bankruptcy Rule 7056-1 Statement ("defendant's 7056-1" or "Def.'s 7056-1") and attached exhibits [dkt. no. 39], plaintiff's Local Bankruptcy Rule 7056-1 statement ("plaintiff's 7056-1" or "Pl.'s 7056-1") [dkt. no. 45], plaintiff's affidavit in opposition and attached exhibits ("Plaintiff's Affidavit" or "Pl.'s Aff.") [dkt. no. 46], and plaintiff's memorandum of law in opposition [dkt. no. 47]. Unless otherwise noted, the facts are not disputed for the purposes of the motion, or are taken in the light most favorable to plaintiff, as he is the non-moving party. *See Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).

docket no. FD-09-1993-04, for full custody. *Id.* at ¶ 20. Melara retained defendant as counsel in the custody proceeding. *Id.* at ¶ 21. The custody proceeding lasted over two years. Pl.'s 7056-1 at ¶ 26. On June 25, 2013, defendant filed a motion in the Family Court for attorney's fees in the amount of $151,880 *pendente lite* from plaintiff pursuant to New Jersey Rules of Court 5:3-5(c) and 4:42-9(b-d). *See* Def.'s 7056-1, Ex. A. On July 11, 2013, the Family Court held a hearing at which it granted plaintiff primary custody. *See* Pl.'s Aff. Ex. A. At that time, the Family Court stated that the issue of defendant's attorney's fees would be determined at a later date. *Id.* at 247:21-23. Following the trial, a telephone conference was held by the Family Court with defendant and counsel for plaintiff. Def.'s 7056-1, Ex. B. No transcript of this telephone conference has been submitted to this Court.

On September 27, 2013, the Family Court ordered that:

> [plaintiff] shall pay counsel fees to [defendant] in the amount of $70,670 within one year of September 26, 2013 or by September 26, 2014. No interest shall accrue on any such portion of the counsel fee amount owed to [defendant] and judgment shall not be entered against [plaintiff] for any counsel fees owed by him to [defendant] until after the due date of September 26, 2014.

Def.'s 7056-1, Ex. B (the "September 27, 2013 Order"). The September 27, 2013 Order of the Family Court does not contain any findings of fact or conclusions of law. By motion dated August 25, 2014, defendant moved for entry of a judgment against plaintiff for his failure to comply with the September 27, 2013 Order. Def.'s 7056-1, Ex. C. On November 6, 2014, the Family Court ordered "that judgment be entered in favor of Yolanda Navarrete, Esq., against [plaintiff], in the sum of $70,670." Def.'s 7056-1, Ex. D.

The parties dispute what, if any, factors were considered by the Family Court in ordering plaintiff to pay Melara's counsel fees in the September 27, 2013 Order and whether such legal fees are owed to or recoverable by defendant, the child or Melara. Specifically, plaintiff disputes defendant's citation to New Jersey Rule of Court R. 5:3-5(c), which lists

factors for a New Jersey family court to consider in determining a fee award, to the extent defendant intended her citation to reflect factors actually considered by the Family Court in determining the allocation of legal fees.  Pl's. 7056-1.

      b.  Procedural Background

Plaintiff commenced this adversary proceeding alleging that the debt owed by him to defendant is dischargeable in his chapter 7 bankruptcy case [dkt. no. 1].  Plaintiff subsequently filed an amended complaint [dkt. no. 19].  The amended complaint is nearly identical to the original complaint except that it adds defendant's law firm, Yolanda Navarrete, Esq., LLC, as "Yolanda Navarrete *dba* Yolanda Navarette, Esq., LLC" and alleges that any debt owed to defendant's law firm is dischargeable [dkt. no. 19].  Following the close of discovery, defendant moved for summary judgment [dkt. no. 35].  Plaintiff opposed that motion [dkt. no. 37].  The Court denied defendant's motion without prejudice for failure to comply with Local Bankruptcy Rule 7056-1 [dkt. no. 43].  Defendant subsequently filed the current motion for summary judgment and a Local Bankruptcy Rule 7056-1 statement [dkt. nos. 38 and 39].  Plaintiff filed opposition to the motion and a response to defendant's 7056-1 statement [dkt. nos. 45-47].

    II.    Summary Judgment Standard

The pending motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056.  Under Rule 56(a), summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is considered material if it "might affect the outcome of the suit under the governing law," and a genuine dispute exists where "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex*, 477 U.S. at 322-23. If the movant meets its initial burden, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment" as "mere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010 (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). Thus, to meet its burden, the opposing party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. It must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (internal citations and quotations marks omitted).

In reviewing a motion for summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson*, 604 F.3d at 740. The court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir. 2006) (citing *Anderson*, 477 U.S. at 249). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary

judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (citation omitted).

III.    Discussion

Defendant argues that the attorney's fees awarded by the Family Court are familial obligations excepted from discharge under § 523(a)(5) or (15).  Plaintiff argues that it is not clear from the September 27, 2013 Order that the fees awarded defendant by the Family Court constitute a domestic support obligation or fall within the exception to discharge for other divorce or separation payments set forth in § 523(a)(15).  Further, plaintiff argues that the "unusual and disturbing facts specific to this case" show "that the [f]ees were not incurred in the best interests of the child, and that forcing [p]laintiff to pay [the fees]" would diminish plaintiff's financial ability to care for the child.

For the reasons that follow, the Court concludes, based on the record placed before it, that defendant has failed to proffer evidence upon which the Court could conclude that the debt at issue is a domestic support obligation excluded from discharge under § 523(a)(5) or that it constitutes a familial obligation that is excepted from discharge under § 523(a)(15). In light of this, the Court denies defendant's motion for summary judgment.

a.    Burden of Proof

Defendant has the burden of demonstrating that the debt is nondischargeable by a preponderance of the evidence.[3] *Grogan v. Garner*, 498 U.S. 279, 291 (1991).  "[E]xceptions to discharge are to be narrowly construed and genuine doubts should be resolved in favor of the debtor."  *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 66 (2d Cir. 2007).  This is

---

[3] "'The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . .'" *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137, n.9 (1997) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993).

consistent with the fresh start policy of the Bankruptcy Code.  *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) ("The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'") (citation omitted).

b.  Analysis

Section 523(a)(5) does not discharge an individual debtor from "any debt— . . . for a domestic support obligation."  11 U.S.C. § 523(a)(5).  In turn, a domestic support obligation is defined in § 101(14A) as follows:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>> (i) a separation agreement, divorce decree, or property settlement agreement;
>> (ii) an order of a court of record; or
>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).  Whether an obligation constitutes a domestic support obligation is a fact intensive inquiry, *see Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595 (2d Cir. 2002), and is governed by federal law.  *See In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011).

With respect to other familial obligations, § 523(a)(15) provides an exception from discharge for any debt

> to a spouse, former spouse, or child of the debtor and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

    i. 11 U.S.C. § 523(a)(5)

To succeed on her claim that the debt is excluded from discharge under § 523(a)(5), defendant must establish each of the following three elements: (1) the debt must be owed to or recoverable by the child or Melara, as parent of the child; (2) the debt must be in the nature of alimony, maintenance, or support; and (3) the debt must have been established by reason of applicable provisions of an order of a court of record. *See In re Maddigan*, 312 F.3d at 593.

Debts in the nature of support may be payable to a third party. "Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable." *In re Maddigan*, 312 F.3d at 593. "In any matrimonial action, whether it concerns the divorce, maintenance, support, custody, or post-decree proceedings implicating any of the foregoing, it is essential that each party be able to adequately represent its interests; accordingly, attorneys' fees owed to spouses are deemed to be in the nature of support." *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295 (S.D.N.Y. 1991). "Nothing in the statute precludes an attorney's fee award from being treated as 'in the nature of . . . support.'" *Rugiero v. DiNardo (In re Rugiero)*, 502 F. App'x 436, 439 (6th Cir. 2012).

Defendant argues that the attorney's fees awarded in the September 27, 2013 Order were awarded based upon (1) "the financial circumstances of the parties," (2) "the ability of

the parties to pay their own fees or to contribute to the fees of the other [party]," and (3) "reasonableness and good faith." The September 27, 2013 Order does not support defendant's argument. The September 27, 2013 Order does not cite to any New Jersey Rules of Court, as defendant asserts it was based on, nor does the Order cite to any circumstances or factors the Family Court actually considered in granting an award of fees. As previously noted, whether an obligation constitutes a domestic support obligation is a fact intensive inquiry. The Court cannot, without further evidence, find that the Family Court's award of attorney's fees was "in the nature of support" for the child or Melara.

ii.    11 U.S.C. § 523(a)(15)

To succeed on her claim that the debt is an obligation excluded from discharge under § 523(a)(15), defendant must establish the following three elements: (1) the debt must be to a spouse, former spouse, or child of the debtor; (2) the debt must not be of the kind described in § 523(a)(5); and (3) the debt must have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court. *In re Conte*, No. 11-77836-ast, 2012 WL 4739339, at *8 (Bankr. E.D.N.Y. Oct. 3, 2012) (quoting *Schweitzer v. Schweitzer (In re Schweitzer)*, 370 B.R. 145, 150 (Bankr. S.D. Ohio 2007)).

In support of her argument, defendant asserts that § 523(a)(15) "has been construed to include a range of matrimonial debts, including obligations arising out of property settlement agreements and equitable distribution judgments." [dkt. no. 38] (citing *In re Clouse*, 446 B.R. 690, 707 n.58 (Bankr. E.D. Pa. 2010)). In further support, defendant cites to numerous cases for the proposition that attorney's fees awarded in favor of an ex-spouse are nondischargeable under § 523(a)(15). *See Tarone v. Tarone (In re Tarone)*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *Monastra v. Monastra (In re Monastra)*, 2010 WL 3937354 (Bankr.

E.D. Pa. Oct. 6, 2010); *Clair, Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406 (Bankr. D.N.J. 2009).

However, the cases cited by defendant do not address the factual situation at hand, to wit, that plaintiff and Melara never married, and that the debt arose out of a child custody proceeding. Additionally, based on the record placed before the Court, defendant has not proffered evidence from which the Court could conclude that the debt is an obligation that falls under the umbrella of § 523(a)(15)—it is not a debt to a spouse or former spouse, and it is not clear from the record that it is a debt "to a child of the debtor."

While defendant will have an opportunity at trial to persuade the Court that the debt at issue is nondischargeable under § 523(a)(5) or (15), she has not carried her burden as movant to warrant summary judgment. There is a factual conflict regarding the material threshold question of the bases for the award of fees by the Family Court and what factors the Family Court actually considered in making its ruling on the fees awarded. Thus, a finding that the debt at issue is excluded from discharge under either § 523(a)(5) or (15) cannot be made at this juncture. On a motion for summary judgment, the Court's job is "not to weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002).

IV.     Conclusion

For the foregoing reasons, defendant's motion for summary judgment is denied.  The Court will issue a separate order directing the parties to appear at a status conference, at which the Court will set a trial date and a schedule for pretrial submissions.

SO ORDERED.



**Dated: June 12, 2018**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**